**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

JULIAN KENNETH ARMEL, JR., #147142,

       Petitioner,

v.                                                      ACTION NO. 2:04cv601

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

       Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner Julian Kenneth Armel, Jr. ("Armel") pleaded guilty and was subsequently convicted in the Circuit Court of the City of Winchester, Virginia on October 29, 1985,[1] of one count of

---

[1] The hearing took place on October 29, 1985 and the order was entered on November 1 1985. The date of conviction was not October 24, 1985 as the petitioner claims.

violating Virginia Code section 18.2-361[2] for carnally knowing a person by the mouth. Armel was sentenced to five years imprisonment, all suspended, and five years probation to be served concurrently with any probation imposed by the Frederick County Circuit Court.[3] Armel did not appeal his conviction to the Court of Appeals of Virginia.

On June 18, 2004, in response to Lawrence v. Texas, 539 U.S. 558 (2003), Armel sent a petition for a writ of habeas corpus to the Supreme Court of Virginia that was filed on June 24, 2004. Lawrence was issued on June 26, 2003. On September 20, 2004, the Supreme Court of Virginia dismissed the petition as untimely under Virginia's habeas statute of limitations, Virginia Code section 8.01-654(A)(2). The dismissal does not mention Lawrence.

On September 27, 2004, while in the custody of the Virginia Department of Corrections at the Brunswick Correctional Center in

---

[2] Virginia Code section 18.2-361 states: "If any person ... carnally knows any male or female person by the anus or by or with the mouth, or voluntarily submits to such carnal knowledge, he or she shall be guilty of a Class 6 felony...."

[3] The Court notes that on October 29, 1985 in the Frederick County Circuit Court, Armel was convicted on fifteen counts of violating Virginia Code section 18.2-361 for carnally knowing a person by the mouth and engaging in fellatio, and two counts of violating Virginia Code section 18.2-374.1 for producing or making sexually explicit visual material of a subject less than eighteen years of age. The Frederick County Circuit Court sentenced Armel to five years imprisonment for each count, with ten years suspended and two years of two counts to be served concurrently, followed by ten years probation. Armel filed a separate habeas petition in this court (Civil Action No. 2:04cv600) collaterally attacking his fifteen Frederick County Circuit Court sodomy convictions.

Lawrenceville, Virginia, Armel executed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis. The Court conditionally filed the petition on October 6, 2004. On November 15, 2004, this Court granted the petitioner's in forma pauperis application, and ordered the respondent to file an answer and allowed the petitioner to respond. On December 15, 2004, the respondent filed an Answer, a Motion to Dismiss, and a brief in support of the Answer and Motion. On January 7, 2005, Armel filed a Brief in Reply to Respondents (sic) Rule 5 Answer and Motion to Dismiss.

### B. Grounds Alleged

Armel now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follow:

> (a) Petitioner was denied due process as guaranteed by the Fourteenth Amendment when the Supreme Court of Virginia dismissed his state habeas petition as not being timely filed according to Virginia Code § 8.01-654(A)(2).
>
> (b) Petitioner was denied due process as guaranteed by the Fourteenth Amendment because the statute under which he was convicted, Virginia Code § 18.2-361 Crimes Against Nature, is unconstitutional under Lawrence v. Texas, 539 U.S. 558 (2003).

Armel raised claim (b) in his state habeas petition.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Claim (a)

In claim (a), Armel asserts that he was denied due process as

guaranteed by the Fourteenth Amendment when the Supreme Court of Virginia dismissed his state habeas petition as untimely under Virginia Code § 8.01-654(A)(2).

Errors and irregularities occurring during state collateral review proceedings are not cognizable on federal habeas review. Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir.1988).[4]  See also Fisher v. Angelone, 163 F.3d 835, 854 n.11 (4th Cir. 1998).  Armel is not in custody as a result of the decision of the state court in his state habeas action; the federal habeas statute provides that a "federal court 'shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Wright, 151 F.3d at 159 (quoting 28 U.S.C. § 2254(a)).  Because claim (a) is not cognizable on federal habeas review, this Court recommends denying the petition with respect to claim (a).

### B. Claim (b)

In claim (b), Armel asserts that he was denied due process as guaranteed by the Fourteenth Amendment.  Armel claims that the statute under which he was convicted, Virginia Code § 18.2-361 Crimes Against Nature, is unconstitutional under Lawrence v. Texas,

---

[4] Armel's assertion, that Bryant is no longer good law because it predates the current Virginia and federal habeas rules, is meritless.

4

539 U.S. 558 (2003) because it prohibits all consensual sodomy regardless of "gender, age, marital status, privacy, or any other criteria." Br. Supp. Pet. at 4.[5]

### 1. **Procedural Default**

The respondent asserts that the Virginia Supreme Court's rejection of Armel's petition as untimely under Virginia Code § 8.01-654(A)(2) constitutes procedural default that bars federal habeas review of the claim. The respondent is correct that this Court can treat a procedurally barred claim as procedurally defaulted in state courts and thus federal habeas review is ordinarily barred. See Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000).

Nevertheless, in order to assess whether Armel's claim is barred from review on the merits, the Court must also consider the merits of his claim. First, this Court would have to determine whether the state habeas statute of limitations set forth in Virginia Code § 8.01-654(A)(2) constitutes an adequate and independent state procedural rule for the procedural default

---

[5]The Court notes that while Armel pleaded guilty to one count of a crime against nature, it appears that he did not waive the current challenge as the respondent suggests. A valid guilty plea waives all non-jurisdictional challenges to a conviction. Peyton v. King, 169 S.E.2d 569, 571 (1969). Armel argues that his claim that he was convicted of an offense that has been decriminalized by Lawrence is jurisdictional. Peyton appears to acknowledge that such a claim is not waived by a guilty plea. See id. at 571 (citing Crutchfield v. Commonwealth, 46 S.E.2d 340 (1948) approvingly that a guilty plea "waives all defenses other than that no offense is charged").

doctrine to apply. See Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999)(citations omitted). Even if Armel's claim is procedurally defaulted, he may still obtain review of his claims on the merits if he can establish either: (1) cause for the default and resulting actual prejudice, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he is convicted. Clagett, 209 F.3d at 379 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks, 176 F.3d at 269. Because Armel establishes cause for the default,[6] the Court would need to consider the

---

[6] Cause refers to "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999)(quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). The novelty of a claim is among the factors that may constitute cause. Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998)(citations omitted). The novelty of a claim constitutes cause when "the state of the law [was] such that the legal basis for the claim was not reasonably available when the matter should have been raised." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000). A claim may be novel prior to a Supreme Court decision that reverses its previous decision. United States v. David, 83 F.3d 638, 645 (4th Cir. 1996)(citing the Supreme Court's holding in Reed v. Ross, 468 U.S. 1, 17 (1984) that a habeas petitioner can establish cause for his failure to raise a constitutional claim in accordance with state procedural rules when the Supreme Court overrules its own precedent).
  In this case, Armel bases his claim on Lawrence v. Texas, 539 U.S. 558 (2003). Lawrence held that a Texas statute making it a crime for two persons of the same sex to engage in certain sexual conduct was unconstitutional as applied to adult males who had engaged in consensual sodomy in the privacy of the home. Lawrence, 539 U.S. at 578. Lawrence recognized a right to liberty under the Due Process Clause of the Fourteenth Amendment of two adults to engage in consensual sexual activity in the home without the intervention of the government. Lawrence, 539 U.S. at 578.

applicability of Lawrence to Armel's case in order to determine whether Armel would be prejudiced by the default.[7]

Because the Court ultimately concludes that the assertedly defaulted claim is without merit, the Court exercises its prerogative to decide Armel's claim on the merits rather than on grounds of procedural default. See Bacon v. Lee, 225 F.3d 470, 477 (4th Cir. 2000); Joseph v. Angelone, 184 F.3d 320, 325 n.5 (4th Cir. 1999).

## 2. **Retroactivity**

The Court first must decide if Lawrence v. Texas is retroactive to cases on collateral review. Armel argues that Lawrence announced a new rule and that it fell under the first exception to the doctrine of non-retroactivity in Teague v. Lane, 489 U.S. 288 (1989).

When a federal habeas petitioner makes a claim based on a

---

Lawrence overruled Bowers v. Hardwick, 478 U.S. 186 (1986) which had upheld the constitutionality of a Georgia statute outlawing sodomy upon finding that homosexuals did not have a fundamental right to engage in sodomy. Lawrence, 539 U.S. at 566, 578 ("Bowers was not correct when it was decided, and it is not correct today. It ought not to remain binding precedent. Bowers v. Hardwick should be and now is overruled."). Thus, it appears that Armel has demonstrated cause by raising a novel constitutional claim because Lawrence overruled the Supreme Court's precedent.

[7]Prejudice is resulting actual prejudice of "constitutional dimensions," and not a mere possibility of harm. McCarver v. Lee, 221 F.3d 583, 592 (4th Cir. 2000). Armel asserts that he is prejudiced because the statute under which he was convicted is unconstitutional under Lawrence. Thus, this Court would still have to assess the merits of Lawrence's applicability to Armel's case to determine whether his claim is procedurally barred.

7

Supreme Court ruling issued after the petitioner's conviction became final, the petitioner must show that the Supreme Court decision announced a new rule and that the new rule is retroactive to cases on collateral review." Lilly v. United States, 342 F. Supp.2d 532, 535-36 (W.D. Va. Oct. 28, 2004)(citing Teague v. Lane, 489 U.S. 288, 308 (1989)).

A Supreme Court decision announces a "new rule" when it is not "dictated by precedent existing at the time the defendant's conviction became final." Teague, 489 U.S. at 301 (plurality opinion). As discussed supra note 6, Lawrence overruled Supreme Court precedent, Bowers v. Hardwick, 478 U.S. 186 (1986). Lawrence, 539 U.S. at 566, 578. Thus, Lawrence announced a "new rule."

In Teague v. Lane, 489 U.S. 288 (1989) a plurality of the Supreme Court stated that new constitutional rules of criminal procedure would not apply retroactively on collateral review but for two exceptions: (1) the new rule "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe;" (2) the new rule requires the observance of fairness safeguards that are "implicit in the concept of ordered liberty;" i.e. it is a "watershed rule[] of criminal procedure." Id. at 307, 311. Lawrence is not barred by the Teague doctrine. Lawrence clearly would fall into the first exception because it decriminalized certain "primary, private individual conduct:" sodomy between consenting adults in the

privacy of the home.

Teague, however, is not strictly applicable to this case because Teague concerns retroactivity of new constitutional rules of criminal procedure. Bousley v. United States, 523 U.S. 614, 620 (1998).  New substantive rules such as "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish" apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal'" Id. (citations omitted).  In contrast, new rules of criminal procedure generally do not apply retroactively because they have a "more speculative connection to innocence:" they only raise the prospect that a defendant convicted under an invalidated procedure might have been acquitted otherwise. Id.

The Supreme Court recently clarified the categorization of new substantive rules in Schriro v. Summerlin, 124 S.Ct. 2519, 2522 (2004)("We have sometimes referred to [substantive] rules ... as falling under an exception to Teague's bar on retroactive application of procedural rules ...; they are more accurately characterized as substantive rules not subject to the bar.)  Thus, Lawrence is a new substantive rule that is retroactive to cases on collateral review. Muth v. Frank, 2005 WL 1463457 at *6 (7th Cir. Jun. 22, 2005); Anderson v. Morrow, 371 F.3d 1027, 1033 (9th Cir. 2004).

### 3. <u>Merits</u>

Given that <u>Lawrence</u> is retroactive, the Court must determine whether the rule that <u>Lawrence</u> announced is applicable to Armel. Armel asserts that the Virginia statute under which he was convicted, Virginia Code 18.2-361, prohibits crimes against nature without any distinction as to "gender, age, marital status, privacy, or any other criteria." Br. Supp. Pet. at 4. Armel argues that the statute's blanket prohibition makes it unconstitutional under <u>Lawrence</u>.

<u>Lawrence</u> held that a Texas statute making it a crime for two persons of the same sex to engage in certain sexual conduct was unconstitutional as applied to adult males who had engaged in consensual sodomy in the privacy of the home. <u>Lawrence</u>, 539 U.S. at 578 (the defendants' "right to liberty under the Due Process Clause gives them the full right to engage in their conduct without intervention from the government.").

In this case, Armel was indicted on evidence that a fifteen-year-old boy went to the defendant's home and performed sodomy on the defendant on April 28, 1985. <u>See</u> Present. Investig. Rep. at 2-3, Oct. 8, 1985, Winchester Circuit Court. The "victim information" section of the presentence report also indicates that the victim was a fifteen-year-old male. <u>Id.</u> at 2. Armel pleaded guilty and was convicted of one count of oral sodomy in violation of Virginia Code Section 18.2-361 in the Winchester Circuit Court.

Order of Nov. 1, 1985, No. 85-CR-115. Armel admitted that the sodomy for which he was convicted in Winchester involved a minor.[8]

---

[8] The October 8, 1985 Presentence Investigation Report contains a narrative of the current offense under the heading "Offense Version" and under the subheading "Offender's version" it states, "[a]t the time of dictation of this report, the subject's version was not quite complete. It will be attached to this report upon it's (sic) receipt." Included in a sealed envelope labeled "Pre-sentence" is the report and the offender's version of the offense – a twenty-five page photocopy of an unpaginated hand-written letter dated October 10, 1985. This photocopied letter has an original stamp on the back of the last page indicating that it was filed in the Winchester Circuit Court on October 23, 1985. The Court notes that the original letter is included with the Frederick County Presentence Investigation Report in Armel's Frederick County state records file. The original letter is written on yellow legal-size ruled paper and it is twenty-six pages. The photocopy in the Winchester file does not contain page nineteen of this letter in which Armel describes the Frederick County charges only. The letter has the following header on the first page:

> For: J. Michael Spory
> From: J. Ken Armel

J. Michael Spory, is Armel's Probation and Parole Officer, who prepared the Presentence Investigation Report. Armel began the letter to Spory stating, "[p]er your recent discussion with my attorney, Mr. Eugene Gunter, I am to provide you with details of the alleged incidents to which I have plead guilty." Letter of Oct. 10, 1985 to Spory at 1. In the letter, when describing the circumstances of the Winchester offense, Armel admitted that the victim performed oral sodomy on him for $25 and that the victim was "15 years old at this time." Id. at 13-14. The Presentence Investigation Report was made a part of the record of the case at hearing on October 24, 1985 and by order entered on October 30, 1985:

> Whereupon, the Probation Officer of this Court, to whom the case was referred for investigation did appear with a written report which he did tender in open Court, copies of which he had presented earlier to the defendant and counsel; and
>
> Whereupon, the Probation Officer did submit to

Thus, this conviction for sodomy was clearly not based on sexual conduct between consenting adults.

The Supreme Court in Lawrence limited its holding only to private consensual sexual activity of adults. The Lawrence Court specifically stated: "[t]he present case does not involve minors. It does not involve persons who might be injured or coerced or who are situated in relationships where consent might not easily be refused. It does not involve public conduct or prostitution." Lawrence, 539 U.S. at 578.

Under Lawrence, it is unconstitutional for Virginia Code 18.2-361 to be applied against consenting adults acting in private, but other acts of sodomy such as acts between adults and minors remain punishable. See State v. Oakley, 605 S.E.2d 215, 218 (N.C. Ct. App. 2004) (stating that "a close review of Lawrence shows the decision specifically notes that ... the historical record supports enforcement of sodomy statutes in situations involving adults and minors"); State v. Clark, 588 S.E.2d 66, 68-69 (N.C. Ct. App. 2003) (refusing to apply Lawrence in a statutory rape case because Lawrence did not apply to adult-minor sexual relationships); State v. Limon, 83 P.3d 229, 234-35 (Kan. Ct. App. 2004) (refusing to

---

> questions posed by the defendant's counsel, the Attorney for the Commonwealth and the Court and the report filed was made a part of the record in this case; ....

Order of Oct. 30, 1985.

apply Lawrence in a criminal sodomy case involving an adult-minor relationship). Thus, under Lawrence, Armel's act of sodomy with a minor remains punishable by § 18.2-361.[9]  Accordingly, Armel's claim is without merit. Therefore, this Court recommends denying Armel's petition with respect to claim (b).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Armel's petition for a writ of habeas corpus be DENIED, the respondent's motion to dismiss be GRANTED, and both Armel's claims be DISMISSED WITH PREJUDICE.

The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are

---

[9]The underlying fact of the offense that Armel admitted in the Presentence Investigation Report – that the act involved a minor – is relevant in determining that Lawrence does not prohibit criminalization of the act for which Armel was convicted.  The Court notes that Armel may errantly believe that because he was convicted under § 18.2-361, a statute which does not mention age, that this underlying fact is irrelevant in determining whether Lawrence applies in his case.

13

notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

ENTERED this 19th day of July, 2005.

                                                        /s/
                                         F. Bradford Stillman
                                       United States Magistrate Judge

**Clerk's Mailing Certificate**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

    Julian Kenneth Armel, #147142
    Brunswick Correctional Center
    1147 Planters Road
    Lawrenceville, Virginia 23868

    Robert H. Anderson, III
    Office of the Attorney General
    900 E. Main Street
    Richmond, Virginia 23219

                                      Elizabeth H. Paret, Clerk

                 By: _____
                      Deputy Clerk

                      July      , 2005